# IN THE CIRCUIT COURT OF THE CITY OF HARRISONBURG, VIRGINIA

**SHANNON PETERS,**
Plaintiff,

v. Case No.: _____5:26CV00050_____

**CITY OF HARRISONBURG PUBLIC TRANSPORTATION,**
and
**KATELYNN NOSER, in her official capacity,**
Defendants.

CLERK'S OFFICE U.S. DISTRICT. COURT
AT HARRISONBURG, VA
FILED

APR 1 7 2026

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

# COMPLAINT

## I. PARTIES

1. Plaintiff, Shannon Peters, is an individual and resident of the Commonwealth of Virginia and is a qualified individual with a disability under the **Americans with Disabilities Act**.
2. Defendant City of Harrisonburg Public Transportation is a public entity providing transportation services within the City of Harrisonburg, Virginia.
3. Defendant Katelynn Noser is, upon information and belief, a Grants Program Manager acting within the scope of her employment and under color of state authority at all relevant times.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to Virginia law and applicable federal statutes, including the ADA.
5. Venue is proper in this Court because the acts and omissions given rise to this claim occurred in the City of Harrisonburg, Virginia.

## III. FACTUAL ALLEGATIONS

6. Plaintiff relies on public and/or paratransit services as his primary means of transportation due to his disability.
7. Plaintiff is responsible for the care of companion animals (2 cats) requiring necessary veterinary treatment, including federal required vaccinations and medical care.
8. Due to his disability, Plaintiff is unable to access alternative transportation and depends on Defendants' services.
9. On or about 04.11.2026   Plaintiff requested transportation services from Defendant City of Harrisonburg Public Transportation.
10. Plaintiff's cats were secured in appropriate, enclosed carriers at the time of the request.
11. Despite this, Defendants refused to provide transportation services.
12. Defendant Katelynn Noser participated in, authorized, or upheld the denial of Plaintiff's request.
13. Defendants based their refusal on rigid policy enforcement without conducting any individualized assessment of safety risk.
14. Defendants failed to engage in any interactive process or offered 333reasonable modification of policies.
15. As a direct result, Plaintiff was denied access to essential transportation necessary to obtain veterinary care.
16. Defendants knew or should have known of their obligations under the ADA and acted with deliberate indifference to Plaintiff's rights.

# IV. COUNTS

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (FAILURE TO PROVIDE REASONABLE MODIFICATION)

17. Plaintiff incorporates paragraphs 1–16 as if fully set forth herein.
18. Defendants are subject to the requirements of the ADA and its implementing regulations.
19. Defendants failed to make reasonable modifications to policies, practices, or procedures necessary to avoid discrimination.
20. Defendants' conduct denied Plaintiff meaningful access to public transportation services.
21. Such conduct violates the ADA, as recognized in *Alexander v. Choate* and *Tennessee v. Lane*.

## COUNT II – DISCRIMINATORY POLICY AND FAILURE TO CONDUCT INDIVIDUALIZED ASSESSMENT

22. Plaintiff incorporates paragraphs 1–21.
23. Defendants enforced policies that disproportionately burden disabled individuals.
24. Defendants failed to conduct an individualized assessment of whether Plaintiff's animals in carriers posed any legitimate safety risk.
25. Such conduct is unlawful under the ADA and controlling precedent, including *Crowder v. Kitagawa* and *School Board of Nassau County v. Arline*.

## COUNT III – WILLFUL MISCONDUCT AND DELIBERATE INDIFFERENCE (PUNITIVE DAMAGES)

26. Plaintiff incorporates paragraphs 1–25.
27. Defendants acted with willful, wanton, and reckless disregard for Plaintiff's federally protected rights.
28. Defendants had actual or constructive knowledge of ADA requirements and consciously failed to comply.
29. Defendants' conduct constitutes deliberate indifference as defined in *Kolstad v. American Dental Association*.
30. As a direct and proximate result, Plaintiff is entitled to punitive damages.

## V. DAMAGES

31. Plaintiff has suffered damages including, but not limited to:

- Emotional distress and mental anguish.
- Denial of access to essential services.
- Increased risk to health and safety.
- Loss of equal participation in public services.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award **compensatory damages** in an amount not less than $250,000;

C. Award **punitive damages** in an amount not less than $350,000;

D. Grant declaratory relief finding Defendants in violation of the ADA;

E. Grant injunctive relief requiring policy modification and ADA compliance;

F. Award costs and fees as permitted by law;

G. Grant such other relief as this Court deems just and proper.

# VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

Shannon Peters
500 C Street, 112,
Staunton VA 24401
540-430-4448
shannonpeters77.dmb@gmail.com